# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CARLA L. WASDEN,<br><br>   Plaintiff,<br><br>v.<br><br>SHREE SAHAJ, LLC d/b/a<br>HARTLEY PACKAGE<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.:  5:18-cv-269<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Comes Now Plaintiff in the above captioned action and hereby allege as follows:

1.

Plaintiff is a resident of Bibb County, Georgia.

2.

Defendant Shree Sahaj, LLC is a domestic limited liability company doing business as Hartley Package with a principal place of business located at 106 Anderson Avenue, Fort Valley, Georgia 31030 and said Defendant is subject to the jurisdiction of this Court. Defendant may be personally served via its registered agent for service Parulata Patel located at 5615 Houston Road, Suite 1, Macon, Bibb County, Georgia 31206.

3.

Venue is proper in this forum as to Defendants.

4.

Defendant was, at all times relevant hereto, an employer as defined in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*

5.

Plaintiff was, at all times relevant hereto, an employee as defined in the FLSA.

7.

From the beginning of Plaintiff's employment with Defendant until January 1, 2017, Plaintiff was paid minimum wage, in cash with no taxes deducted, for all hours worked in a single workweek. Plaintiff did not receive overtime pay, at time and a half, for all hours worked by Plaintiff in excess of 40 hours in a single workweek.

6.

From the beginning of Plaintiff's employment with Defendant until January 1, 2017, Plaintiff regularly worked more than 40 hours in a single workweek but was not paid overtime for all hours beyond 40 in a single workweek as required by the FLSA, in violation of the FLSA, specifically 29 U.S.C. §207. Attached hereto and incorporated herein as Exhibit "A" is a table containing a list of the weeks in which Plaintiff worked in excess of 40 hours in a single workweek and the number of hours Plaintiff worked in that week from the beginning of Plaintiff's employment with Defendant to January 1, 2017.

7.

From January 1, 2017 to the end of her employment with Defendant, Defendant changed its method of paying Plaintiff. Plaintiff was paid minimum wage for roughly half of her hours worked in a single workweek as a W-2 employee with

taxes deducted.  For the other roughly half of Plaintiff's hours worked in a single workweek, Plaintiff was paid minimum wage, in cash, with a deduction only for the employer's portion of the taxes paid by Defendant for Plaintiff's wages paid as a W-2 employee.  Plaintiff still did not receive overtime pay, at time and a half, for all hours worked by Plaintiff in excess of 40 hours in a single workweek.

8.

From January 1, 2017 to the end of her employment with Defendant, Plaintiff regularly worked more than 40 hours in a single workweek but was not paid overtime for all hours beyond 40 in a single workweek as required by the FLSA, in violation of the FLSA, specifically 29 U.S.C. §207.  Attached hereto and incorporated herein as Exhibit "B" is a table containing a list of Plaintiff's hours worked by Plaintiff in a single workweek for which Plaintiff was not paid overtime pay for all hours worked in excess of 40 in a single workweek during the second part of her employment with Defendant.

8.

As a result of Defendant's change in its method of paying Plaintiff from January 1, 2017 until the end of her employment with Defendant, and because Defendant deducted the employer's portion of the taxes paid by Defendant for Plaintiff's wages paid as a W-2 employee, Plaintiff also received less than minimum wage for all of her hours worked in a single workweek from January 1, 2017 until the end of her employment with Defendant, in violation of the FLSA, specifically 29 U.S.C. §206, 29 C.F.R. §785.19, and 29 C.F.R. Part 516.

**CLAIM FOR RELIEF**

**FIRST CAUSE OF ACTION**

10.

Defendant's failure to pay Plaintiff overtime pay for all hours worked in excess of 40 in a single workweek as required by the FLSA was in violation of the FLSA, specifically 29 U.S.C. §207.

## SECOND CAUSE OF ACTION

11.

Defendant's automatic deductions from Plaintiff's wages paid in cash for the employer's portion of the taxes paid by Defendant for Plaintiff's wages paid as a W-2 employee resulted in a failure of Defendant to pay Plaintiff the federal minimum wage for all hours worked in violation of the FLSA, specifically 29 U.S.C. §206.

## DAMAGES AND RELIEF

12.

Plaintiff is entitled to recover her unpaid wages, unpaid overtime, attorney fees, liquidated damages, and costs incurred in bringing this action, pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

13.

Having fully set forth their claims, plaintiffs respectfully request:

(2) That the court enter judgment that Defendant violated the FLSA by failing to pay Plaintiff the federal minimum wage and overtime wages as required by law;

(3) That the court award Plaintiff her withheld wages, unpaid overtime, and liquidated damages in an amount equal to the wages and overtime awarded in this case, pursuant to 29 U.S.C. §216(b);

(4)     That the court award Plaintiff her costs and a reasonable attorney fee; and

(5)     That the court award such other relief as the court deems appropriate.

SUBMITTED this 20TH day of July, 2018.

/s/ William Gregory Dobson, Esq.
WILLIAM GREGORY DOBSON, ESQ.
State Bar No. 237770
A. Danielle McBride
State Bar No. 800824
Attorneys for Plaintiff

Lober & Dobson, LLC
830 Mulberry Street, Suite 201
Macon, Georgia 31201
(478) 745-7700
wgd@lddlawyers.com
admcbride@lddlawyers.com